[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10567

Non-Argument Calendar

_____

YVES SANTAIS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-044-585

—————————————

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Yves Santais petitions for review of the Board of Immigration Appeals' order affirming the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We partly dismiss and partly deny Santais's petition.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Santais is a Haitian native and citizen. He was admitted to the United States in September 2008 and became a lawful permanent resident in 2011. In 2013, he was indicted in Georgia state court for pointing a gun at a female's head, punching her in the face, and kicking her in the abdomen. He was convicted by a jury of false imprisonment and battery and was sentenced to ten years' imprisonment for the false imprisonment conviction and one year for the battery conviction, set to run consecutively.

The federal government began deportation proceedings after the convictions, charging that Santais was removable as a noncitizen convicted of an "aggravated felony." Santais applied for asylum, withholding of removal, and protection under the convention.

The immigration judge held a videoconference merits hearing on Santais's application.  Santais appeared pro se.  The only substantive documents in the record were his application and accompanying statement, deportation notice, criminal case records, and the Haiti 2020 Human Rights Report by the United States State Department.  Santais testified (through an interpreter) that from 2001 until 2008, the United States paid him to inform on supporters of former Haitian President Jean Bertrand Aristide.  Santais acknowledged Aristide's presidency ended in 2004 but insisted his supporters remained violent and dangerous.  Santais claimed that in 2008 someone "outed" him and told Aristide's supporters he was an informant.  He alleged that Aristide's supporters then assaulted and beat him.  He testified that, after that beating, he feared "they would definitely finish me off" and flew to the United States the next month.  Santais conceded that he didn't know who led Haiti's current government, but still insisted he'd be murdered as "a traitor" if he went back to Haiti.

The immigration judge denied Santais's application in its entirety because his testimony was not credible and lacked corroboration.  Alternatively, the immigration judge found that Santais didn't qualify for asylum or withholding of removal because his battery conviction was an "aggravated felony conviction," both his convictions were "particularly serious," and he hadn't sufficiently established he'd be persecuted in Haiti.  Finally, the immigration judge found Santais ineligible for convention protection because he

hadn't shown that, if returned to Haiti, he'd more likely than not be tortured by or with the Haitian government's acquiescence.

Santais appealed to the board. He argued that he'd testified honestly at his hearing and he challenged the underlying facts of his state convictions. The board affirmed without opinion, and Santais timely petitioned for our review.[1]

## II.    STANDARD OF REVIEW

When the board affirms without opinion, we review the immigration judge's opinion. *See K.Y. v. U.S. Att'y Gen.*, 43 F.4th 1175, 1180 (11th Cir. 2022). We review legal conclusions and our subject matter jurisdiction de novo. *Id.* We review factual findings (including credibility determinations) under the highly deferential substantial evidence standard, only reversing when the record compels it. *Hasan-Nayem v. U.S. Att'y Gen.*, No. 21-12402, ___ F.4th ___, 2022 WL 17480085, at *7 (11th Cir. Dec. 7, 2022).

---

[1] Santais's petition includes federal and state constitutional arguments, but these must be dismissed for lack of jurisdiction. We lack jurisdiction over—and therefore can't review—issues not presented to the board. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Santais never explicitly or implicitly presented any constitutional arguments to the board. Accordingly, the board never "had a full opportunity to consider" them, and our review would improperly "interfere[] with the administrative process." *Id.* at 1298 (quotation omitted).

## III.    DISCUSSION

Santais challenges the denial of his claims for asylum, withholding of removal, and relief under the convention. We assume (without deciding) that the immigration judge lacked substantial evidence to support the adverse credibility finding. *But see, e.g.*, *id.*, at ⋆9 ("[E]ven where an applicant's explanations for implausible aspects of his claim are tenable—e.g., explanations for inconsistencies and omissions—that alone generally does not compel a reasonable fact-finder to reverse an adverse credibility determination."). Still, Santais's claims fail because his state convictions are "particularly serious," and the immigration judge's finding that Santais would not likely be tortured if returned to Haiti is supported by substantial evidence.

### A.  Asylum & Withholding of Removal

A conviction for a "particularly serious crime" bars a noncitizen's asylum and withholding of removal claims. *See* 8 USC §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). An immigration judge may make an individualized determination that a conviction was for a "particularly serious crime." *See K.Y.*, 43 F.4th at 1187.

Liberally construing Santais's pleadings, he appears to challenge the immigration judge's individualized determination that his convictions were for "particularly serious crimes." This presents a legal issue over which we have jurisdiction. *See id.* at 1185–87.

Santais's convictions qualify as particularly serious.  He was convicted of crimes "directed at a person" and received a lengthy eleven-year aggregate sentence.  *See id.* at 1188 (finding a crime's seriousness "reflected by the lengthy 42-month sentence").  Santais pointed a gun at his female supervisor's head and intentionally punched her "in the face," causing "visible bodily harm."  "Add that all up, and the details . . . easily allow an inference" that his convictions were for particularly serious crimes.  *Id.* (quotation omitted). Santais's asylum and withholding of removal claims fail.

Santais disputes details of his altercation with his supervisor, but we must dismiss those factual challenges for lack of jurisdiction.  If a noncitizen is found removable for an "aggravated felony" conviction, we only have jurisdiction to review his or her asylum and withholding of removal claims for legal, not factual, error.  *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1252(a)(2)(C)–(D); *see also Nasrallah v. Barr*, 140 S. Ct. 1683, 1687–88 (2020).  That's the case here.  The immigration judge found Santais's battery conviction—a crime of violence for which the term of imprisonment was at least one year—qualified as an "aggravated felony." *See id.* 8 U.S.C § 1101(a)(43)(F); *Talamantes-Enriquez v. U.S. Att'y Gen.*, 12 F.4th 1340, 1351–52 (11th Cir. 2021) (explaining that Georgia misdemeanor *simple* battery based on physical contact causing harm to the victim—a lesser offense than felony battery itself—is a crime of violence), *cert. denied*, 142 S. Ct. 1119 (2022).  Stripped down, Santais's factual challenges are collateral attacks on his state convictions' validity.   But a "petition  for  review  of  an  agency's

immigration determination is not the correct forum" for such attacks. *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1247 (11th Cir. 2016).

## B. The Convention

To qualify for convention protection, a noncitizen must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). The torture must be "by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." *Id.* (quoting 8 C.F.R. § 208.18(a)(1)). Unlike Santais's asylum and withholding of removal claims, we can review his convention claim for factual error. *Priva v. U.S. Att'y Gen.*, 34 F.4th 946, 957 (11th Cir. 2022).

Nothing in the record compels us to reverse the immigration judge's finding that Santais didn't show that, if returned to Haiti, he'd more likely than not be tortured by or with the acquiescence of the Haitian government. Santais testified that the Aristide government ended nearly two decades ago, and, as the immigration judge found, the record lacks evidence that the *current* Haitian government would more likely than not participate in or acquiesce to his torture. The state department human rights report doesn't mention former President Aristide or his supporters or otherwise link them to the current Haitian government. Nor does the report identify United States government collaborators as individuals facing particular danger in Haiti.

## IV.    CONCLUSION

The petition's constitutional arguments and factual challenges to the state convictions are dismissed. The petition's asylum, withholding of removal, and convention claims are denied.

**PETITION DISMISSED IN PART, DENIED IN PART.**